■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KENNETH NICKLAS, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered January 18, 1971 on resentence, upon a 1964 conviction of attempted burglary in the third degree, on his plea of guilty, resentencing him to a maximum reformatory term of five years, *nunc pro tunc* as of November 12, 1964. Case remanded to the County Court, Suffolk County, for a hearing on, and determination of, the issue of whether the County Judge of Suffolk County who imposed the original sentence in 1964 (now a Justice of the Supreme Court, Tenth Judicial District) intended that appellant's sentence in Suffolk County should be identical with appellant's almost contemporaneous sentence in Nassau County, in the contingencies which later occurred. Pending such hearing and determination and the subsequent return of the case to this court, the appeal will be held in abeyance. In our opinion, this remand is necessitated by reason of the fact that upon the original sentence, in 1964, the then County Judge of Suffolk County stated that that sentence was to run concurrently with a sentence theretofore imposed by the County Court of Nassau County, on October 23, 1964, by the terms of which appellant was committed to the Elmira Reception Center for a reformatory term not to exceed five years, under the then article 3-A of the Correction Law (repealed by L. 1970, ch. 476, § 8). It now appears that on May 4, 1970 appellant was resentenced on the Nassau County conviction to a term of $1\frac{1}{4}$ to $2\frac{1}{2}$ years, in State prison, *nunc pro tunc* as of October 23, 1964. Accordingly, insofar as the propriety of sentence is concerned, the disposition of the instant appeal will depend upon resolving the question whether the County Judge of Suffolk County, in meting out the 1964 sentence, had the intent that that sentence was to parallel in length and place of commitment the terms of the Nassau County punishment and was to be identically connected therewith in any and all events. In the present record there is no proof concerning the intent of the County Judge of Suffolk County in 1964 and there appears only the hearsay remark that he had no objection to reducing defendant's 1971 resentence in Suffolk County to the term of the resentence imposed in Nassau County on May 4, 1970. Rabin, P. J., Latham, Shapiro, Gulotta and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSE SANCHEZ, Appellant.— Order of the Supreme Court, Kings County, dated May 12, 1970, affirmed. No opinion. Appeal from order of the same court dated September 14, 1970, which denied defendant's motion for reargument, dismissed. No appeal lies from an order denying reargument. Martuscello, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.